JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

APPENDIX H

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Justin Smith

**DEFENDANTS**

City of Bethlehem, et al.

**(b)** County of Residence of First Listed Plaintiff  **Northampton**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  **Northampton**
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES USE THE LOCATION OF THE LAND INVOLVED

**(c)** Attorney's (Firm Name, Address, and Telephone Number)  610.436.9100

Brown & Schindler, LLP
16 West Market Street, West Chester, PA 19382

Attorneys (If Known) Unknown

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

| | |
|---|---|
| ☐ 1  U.S. Government Plaintiff | ☒ 3  Federal Question (U.S. Government Not a Party) |
| ☐ 2  U.S. Government Defendant | ☐ 4  Diversity (Indicate Citizenship of Parties in Item III) |

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☒ 440 Other Civil Rights | | | | |

## V. ORIGIN (Place an "X" in One Box Only)

| | | | | | | | Appeal to District |
|---|---|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from another district (specify) | ☐ 6 Multidistrict Litigation | ☐ 7 | Judge from Magistrate Judgment |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ Excess of $150,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY  None

(See instructions):

JUDGE

DOCKET NUMBER

DATE

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #        AMOUNT        APPLYING IFP        JUDGE        MAG. JUDGE

UNITED STATES DISTRICT COURT

APPENDIX F

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 2454 Main Street, Bethlehem, PA 18017

Address of Defendant: 10 East Church Street, Bethlehem, PA 18018

Place of Accident, Incident or Transaction: 945 Monocacy Street, Bethlehem, PA 18018
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed R Civ P 7 1(a))     Yes ☐    No ☒

Does this case involve multidistrict litigation possibilities?     Yes ☐    No ☒
*RELATED CASE IF ANY*

Case Number: _____  Judge _____  Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes ☐    No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?     Yes ☐    No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?     Yes ☐    No ☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

| A  *Federal Question Cases:* | B  *Diversity Jurisdiction Cases:* |
|---|---|
| 1 ☐ Indemnity Contract, Marine Contract, and All Other Contracts | 1 ☐ Insurance Contract and Other Contracts |
| 2 ☐ FELA | 2 ☐ Airplane Personal Injury |
| 3 ☐ Jones Act-Personal Injury | 3 ☐ Assault, Defamation |
| 4 ☐ Antitrust | 4 ☐ Marine Personal Injury |
| 5 ☐ Patent | 5 ☐ Motor Vehicle Personal Injury |
| 6 ☐ Labor-Management Relations | 6 ☐ Other Personal Injury (Please specify) |
| 7 ☒ Civil Rights | 7 ☐ Products Liability |
| 8 ☐ Habeas Corpus | 8 ☐ Products Liability — Asbestos |
| 9 ☐ Securities Act(s) Cases | 9 ☐ All other Diversity Cases |
| 10 ☐ Social Security Review Cases | (Please specify) |
| 11 ☐ All other Federal Question Cases (Please specify) | |

## ARBITRATION CERTIFICATION
*(Check appropriate Category)*

I, Thomas K. Schindler, counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53 2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000 00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: 11/29/2006 _____  52279
                        Attorney-at-Law                Attorney ID #

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F R C P 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 11/29/2006 _____  52279
                        Attorney-at-Law                Attorney ID #

CIV. 609 (4/03)

**APPENDIX I**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Justin Smith | : | CIVIL ACTION |
| | : | |
| v. | : | |
| City of Bethlehem, et al. | : | |
| | : | NO. 06-CV- |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. §2241 through §2255.    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.    ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)    ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.    (x)

| | | |
|---|---|---|
| 11/29/2006 | | |
| **Date** | **Attorney-at-law** | **Attorney for** Plaintiff |
| 610.436.9100 | 610.436.8049 | tom@16wmlaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

JS 44 Reverse (Rev 11/04)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.       (a) Plaintiffs-Defendants. Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II.      Jurisdiction. The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U S is a party, the U S plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U S C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

III.     Residence (citizenship) of Principal Parties. This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV.      Nature of Suit. Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

V.       Origin. Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U S C, Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U S C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

VI.      Cause of Action. Report the civil statute directly related to the cause of action and give a brief description of the cause. Do not cite jurisdictional statutes unless diversity.         Example:         U.S. Civil Statute: 47 USC 553
                                                    Brief Description: Unauthorized reception of cable service

VII.     Requested in Complaint. Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII.    Related Cases. This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

Date and Attorney Signature. Date and sign the civil cover sheet.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JUSTIN SMITH                          :
2454 Main Street                      :
Bethlehem, PA 18017,                  :
                                      :
          Plaintiff                   :
                                      :          Civil Action - Law
     v.                               :
                                      :          No. 06-CV-
CITY OF BETHLEHEM                      :
10 East Church Street                 :
Bethlehem, PA 18018,                  :
                                      :
ZONING HEARING BOARD                  :
OF THE CITY OF BETHLEHEM,             :
10 East Church Street                 :
Bethlehem, PA 18018,                  :
                                      :
LAURIE GOSTLEY-HACKETT                :
Individually and as a Member of       :
The Zoning Hearing Board of the       :
City of Bethlehem                     :
10 East Church Street                 :
Bethlehem, PA 18018,                  :
                                      :
THOMAS J. JONES                       :
Individually and as a Member of       :
The Zoning Hearing Board of the       :
City of Bethlehem                     :
10 East Church Street                 :
Bethlehem, PA 18018,                  :
                                      :
DONALD R. SILLIVAN                     :
Individually and as a Member of       :
The Zoning Hearing Board of the       :
City of Bethlehem                     :
10 East Church Street                 :
Bethlehem, PA 18018,                  :
                                      :
DARLENE HELLER                         :
Individually and as                   :
Director of the Bethlehem             :
Planning Bureau                       :
10 East Church Street                 :

1

Bethlehem, PA 18018,                          :
                                              :
**TONY HANNA**                                :
**Director of Community and**                 :
**Economic Development for**                  :
**The City of Bethlehem**                     :
**10 East Church Street**                     :
**Bethlehem, PA 18018, and**                  :
                                              :
**JOHN R. LEZOCHE,**                          :
**Individually and as Zoning Officer**        :
**For the City of Bethlehem,**                :
**10 East Church Street**                     :
**Bethlehem, PA 18018,**                      :
                                              :
                **Defendants.**               :      **JURY TRIAL BY 12 DEMANDED**
                                              :

## COMPLAINT

### The Parties

1.    Plaintiff Justin Smith ("Smith" or "plaintiff") is an adult individual and citizen of the Commonwealth of Pennsylvania who resides at 2454 Main Street, Bethlehem, Pennsylvania 18017, in the Eastern District of Pennsylvania.

2.    Smith also owns the real property and improvements known as 945 Monocacy Street, Bethlehem, Pennsylvania 18018 ("the Property"), in the Eastern District of Pennsylvania.

3.    Defendant City of Bethlehem is a municipal government with a principal place of business located at 10 East Church Street, Bethlehem, Pennsylvania 18018, in the Eastern District of Pennsylvania.

4.    Bethlehem is a City of the Third Class located in eastern Pennsylvania, which lies in Northampton and Lehigh counties.

2

5. The City of Bethlehem is governed by the Pennsylvania Municipalities Planning Code, 53 P.S. § 10101, *et seq.*, a Pennsylvania statute.

6. At all times material to this Complaint, the City of Bethlehem acted by and through it authorized agents, acting with its actual or apparent authority and on its behalf, and within the course and scope of their agency

7. Defendant Zoning Hearing Board of the City of Bethlehem ("Zoning Hearing Board") is a department of the City of Bethlehem with a principal place of business located at 10 East Church Street, Bethlehem, Pennsylvania 18018, in the Eastern District of Pennsylvania.

8. At all times material to this Complaint, the Zoning Hearing Board acted by and through it authorized agents, acting with its actual or apparent authority and on its behalf, and within the course and scope of their agency.

9. Defendant Laurie Gostley-Hackett ("Gostley-Hackett") is an adult individual and citizen of the Commonwealth of Pennsylvania with a place of business located at 10 East Church Street, Bethlehem, Pennsylvania 18018, in the Eastern District of Pennsylvania

10. Gostley-Hackett is also the Chairperson of the Zoning Hearing Board.

11. Gostley-Hackett is being sued individually and as a member of the Zoning Hearing Board.

12. Defendant Thomas J. Jones ("Jones") is an adult individual and citizen of the Commonwealth of Pennsylvania with a place of business located at 10 East Church Street, Bethlehem, Pennsylvania 18018, in the Eastern District of Pennsylvania.

13 Jones is also a member of the Zoning Hearing Board.

3

14.     Jones is being sued individually and as a member of the Zoning Hearing Board.

15      Defendant Donald R. Sillivan ("Sillivan") is an adult individual and citizen of the Commonwealth of Pennsylvania with a place of business located at 10 East Church Street, Bethlehem, Pennsylvania 18018, in the Eastern District of Pennsylvania.

16.     Sillivan is also a member of the Zoning Hearing Board.

17.     Sillivan is being sued individually and as a member of the Zoning Hearing Board.

18.     Defendant Darlene L. Heller ("Heller") is an adult individual and citizen of the Commonwealth of Pennsylvania with a place of business located at 10 East Church Street, Bethlehem, Pennsylvania 18018, in the Eastern District of Pennsylvania

19.     Heller is also the Director of the Bethlehem Planning Bureau.

20.     Heller is being sued individually and as Director of the Bethlehem Planning Bureau.

21.     Defendant Tony Hanna ("Hanna") is an adult individual and citizen of the Commonwealth of Pennsylvania with a place of business located at 10 East Church Street, Bethlehem, Pennsylvania 18018, in the Eastern District of Pennsylvania.

22.     Hanna is also the Director of Community and Economic Development for the City of Bethlehem

23.     Hanna is being sued individually and as Director of Community Development for the City of Bethlehem.

4

24.    Defendant John R. Lezoche ("Lezoche") is an adult individual and citizen of the Commonwealth of Pennsylvania who resides at 1406 Hazelwood Lane, Bethlehem, Pennsylvania 18018.

25.    Lezoche is the Zoning Officer for the City of Bethlehem.

26.    Lezoche is being sued individually and as the Zoning Officer of Bethlehem.

27.    Lezoche also owns the real property and improvements known as 930 Monocacy Street, Bethlehem, Pennsylvania 18018 ("Lezoche's Property")

28.    On information and belief, Lezoche purchased the Lezoche Property for his daughter.

29.    At all times material to this Complaint, the individual defendants acted by and through their authorized agents, acting with their actual or apparent authority and on their behalf, and within the course and scope of their agency.

30.    At all times material to this Complaint, the individual defendants acted on their own behalf and on behalf of each other, and are jointly and severally liable for the unlawful actions of each and every one of them.

### Jurisdiction and Venue

31.    This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343 because plaintiff's claims arise under the Constitution and laws of the United States, because plaintiff seeks to redress the deprivation, under color of a State law, statute, ordinance, regulation, custom or usage, of a right, privilege and/or immunity secured by the Constitution of the United States and because plaintiff seeks to recover

damages or to seek equitable or other relief under any Act of Congress providing for the protection of civil rights.

32.    Venue is proper in this District pursuant to 28 U.S.C. § 1391 because defendants reside in this District and are subject to personal jurisdiction here, because a substantial part of the events or omissions giving rise to plaintiff's claims occurred here and because defendants may be found in this District.

## The Facts

33    On April 25, 2005, Smith entered into an Agreement of Sale with Eugene J. and Carolina Celebuski to purchase the real property and improvements located at 945 Monocacy Street, Bethlehem, Pennsylvania 18018 ("the Property").

34    The Property is comprised of a 69' by 110' lot with a 2 ½ story building located on the corner of Monocacy Street and Fairview Street which includes a first floor commercial area.

35.    The Property is located in an R-M Residential District (R-M) under the provisions of the Zoning Ordinance of the City of Bethlehem ("Zoning Ordinance").

36.    The Property is located in a neighborhood which is a mix of multifamily residential uses and commercial uses with a high percentage of student housing in apartments.

37.    The first floor of the Property has historically been utilized for a variety of commercial uses which have represented nonconforming uses.

38.    The remainder of the building contains two apartment units, one on the first floor and one on the second floor.

39.    At the time that Smith purchased the Property, the commercial area on the first floor was utilized for a business engaged in the retail sale and repair of bicycles, which represented a change to a nonconforming use which was approved by the Zoning Hearing Board in its April 6, 1995 Decision.

40.    Prior to being utilized as a commercial space for the retail sale of bicycles, the commercial area on the first floor was utilized as an upholstery shop, which was approved as a change in nonconforming use by way of the decision of the Zoning Hearing Board dated April 25, 1979.

41.    In the 1979 decision of the Zoning Hearing Board approving the upholstery shop use, it was noted that "[t]he property has enjoyed a business use for many years such as a book store, a hot dog shop, a hoagy delicatessen food store, etc. even prior to the present zoning."

42.    The prior decisions of the Zoning Hearing Board with respect to the Property recognize a history of nonconforming uses at the Property over a period of decades.

43    Smith purchased the Property with the intent of changing the current non-conforming use to another nonconforming use – a coffee shop/café.

44    Smith did not propose any changes to the existing apartment units.

45.    Smith first sought a zoning permit from the Zoning Officer to convert an existing structure from a retail bicycle sales and repair shop to a coffee shop/café in an R-M Residential Zoning District.

46.    The Bethlehem Zoning Ordinance is administered by the Zoning Office, where applications for Zoning Permits are filed.

7

47. Lezoche is the Zoning Officer.

48. The Lezoche Property is on the same street as the Property.

49. Lezoche thus resides on the same street as the Property.

50. Lezoche advised Smith's father that Lezoche and Smith were going to "bang heads over this situation" because Lezoche purchased the property so that he could remodel it for his son or daughter.

51. At all relevant times, Lezoche had a conflict of interest in considering and deciding Smith's application for a zoning permit.

52. Lezoche subsequently denied Smith's application for a permit.

53. On August 3, 2005, Smith filed an appeal with the Zoning Hearing Board.

54. The hearing on the appeal was originally scheduled for August 24, 2005.

55. Lezoche notified counsel for Smith of the rescheduling of the public hearing to September 7, 2005, allegedly because the August 24, 2005 agenda allegedly had too many cases on it.

56. In fact, on information and belief, Lezoche actually rescheduled the hearing to September 7, 2005 because he could not find a lawyer in time to fight Smith's application before the Board.

57. Lezoche also advised Smith's father that he was going to fine Smith's neighbor, John Parry ("Parry"), who lives at 934 Monocacy Street, Bethlehem, Pennsylvania 18018, for having unregistered cars.

58. On August 20, 2005, Smith spoke with Parry.

8

59. Parry informed Smith that, when a discussion arose about putting the coffee shop in at the Property, Parry told Lezoche that he disagreed with him and said that he felt that there would be nothing wrong with having it there.

60. After Parry told Lezoche this, Lezoche immediately replied that he was going to fine him for his vehicles and anything else wrong with his house.

61. On August 23, 2005, Smith contacted Hanna, Director of Community and Economic Development for the City of Bethlehem, and advised him of the conversation between Lezoche and Parry.

62. On August 24, 2005, Hanna spoke with Parry.

63. On information and belief, Parry relayed the conversation with Lezoche to Hanna.

64. On information and belief, Parry also told Hanna that he now felt threatened and decided to stay neutral in this situation because he believed that Lezoche would start to fine him for anything he could find wrong on his property.

65. On information and belief, Hanna reassured Parry that he would take care of him and make sure that Lezoche would not do anything.

66. Hanna also purported to reassure Smith that he would take care of the problem and would contact him about the situation with Lezoche.

67. On information and belief, the next day Hanna, Heller and the City Solicitor spoke with Lezoche and presented him with the information that Smith and Parry provided to Hanna.

68. On information and belief, Lezoche denied doing it and stated that he had never spoken with Parry about fining him for the vehicles or house.

9

69.    On information and belief, Hanna and Heller left it at that and did nothing to remedy Lezoche's wrongful and unlawful conduct.

70.    On information and belief, on September 4, 2005, Lezoche confronted Parry and said that he did not mean that he was going to fine him for his vehicles, "that's not even my jurisdiction."

71.    On information and belief, Lezoche told Parry that he would "take care of him" and make sure that no one would fine him for his vehicles.

72.    On September 6, 2006, Smith's father met with Hanna and advised him of Lezoche's conversation with Parry, that Lezoche was now trying to befriend Parry and reassure Parry that he would "take care of him."

73.    Hanna told Smith's father that he would speak to Lezoche and take care of the matter.

74.    Thereafter, on information and belief, Hanna spoke with Lezoche and advised him that he did not want him to participate in anything with respect to the Property except hours of operation.

75.    On information and belief, Lezoche agreed with Hanna to these terms.

76    Later that night, Lezoche went around to every neighbor handing out a flyer labeled **"URGENT RESPONSE NEEDED!"**  A copy of the flyer is attached hereto as Exhibit A.

77.    According to Lezoche's flyer:

- A zoning appeal has been filed for the 945 Monocacy Street property (N.W. corner of Monocacy St. and N. Fairview St.)

- The Hearing will be held on Wednesday, September 7, 2005 at 7:00 P.M. in Town Hall, 10 E. Church St

10

- The intended use will be a café/coffee house with proposed hours of operation from **6 A.M. to midnight.**

- As homeowners of 930 Monocacy St. we are objecting to the proposed hours of operation for this business and have retained Attorney Kevin Kelleher to represent us in this appeal.

- If you are interested in discussing how the proposed hours of operation for this café/coffee house may impact the residential quality of the neighborhood and in joining in our appeal, please contact us at (610) 691-2470 for more information ASAP. Please leave a message if we are unavailable.

**\*\*\*Please note that we are not opposed to the proposed business, only the hours of operation.\*\*\***

> Sincerely,
> Janet and John Lezoche
> Homeowners of 930 Monocacy St
> (currently under renovation for our family)

78      Thus, the very Zoning Officer who denied Smith's zoning permit was lobbying neighbors of the Property to oppose the hours of operation of Smith's business, with Hanna's agreement and blessing.

79      The next day, Smith's father met with Hanna, gave him a copy of Lezoche's flyer and asked him why they were letting Lezoche do what he was doing.

80.      Hanna reassured Smith's father not to worry because Lezoche was "taken care of."

81.      On September 7, 2005, a public hearing ("Hearing") was held before the Zoning Hearing Board.

82.      The Board consisted of Chairperson Gostley-Hackett and members Jones and Sillivan.

11

83    Also present at the Hearing were "protestants" Lezoche and his wife, Janet Lezoche, Donald Greenwald, Kimberly Stuckey, Richard and Ruth Hauze, Hugh Tobin, Steve Fahringer, Michael A. Rampulla and Scot Mosser.

84.    At the Hearing, Mickey K. Thompson, Esquire ("Thompson"), an attorney for the City of Bethlehem, stepped down from the Board and stated that he has helped Lezoche in the past and agreed with what Lezoche was doing.

85.    During the Hearing, Lezoche's lawyer questioned Smith about matters completely unrelated to hours of operation.

86.    The Hearing on the Property lasted approximately 2 ½ hours.

87.    The Zoning Hearing Board then recessed to make its decision.

88.    When the Zoning Hearing Board returned from the recess, the members stated that they were denying Smith's appeal and offered no reasons for their Decision.

89    On information and belief, Jean Belinski ("Belinski"), a member of Bethlehem City Council who was sitting directly behind Lezoche and his lawyer overheard Thompson tell Lezoche "I told you he was good," referring to Lezoche's lawyer.

90.    On information and belief, Belinski was angry that Thompson, an attorney for the City of Bethlehem, helped Lezoche, the Zoning Officer, to find a lawyer to fight Smith's case.

91    Smith contacted Hanna that evening to tell him what happened at the Hearing.

92.    In response, Hanna stated: "I could kill John."

93. Hanna also said that Lezoche had lied to his face and said that he was staying out of the matter.

94. Smith's father spoke with Hanna that evening as well.

95. While on the telephone with Smith's father, Hanna received a telephone call from Heller, who, on information and belief, told him what happened at the Hearing.

96. Hanna advised Smith that he would call him back.

97. The next day, Hanna called Smith back and told him that Lezoche was in a lot of trouble and was in the City Solicitor's office "as we speak."

98. Hanna told Smith to be sure that he appealed the decision of the Zoning Hearing Board and he would have no problems this time getting what he wanted.

99. Hanna did not tell Smith how he allegedly knew that Smith would "have no problems this time getting what he wanted."

100. On September 21, 2005, Heller transmitted a letter to Smith advising him that his appeal was denied, and signing the letter as "Director of Planning and Zoning."

101. On information and belief, Heller had no authority to issue such a letter, and is listed on the City of Bethlehem website as "Director of the Bethlehem Planning Bureau."

102. On October 17, 2005, the Board issued a formal written decision ("Decision").

103. Heller's name appears on the Decision as "Zoning Officer."

104. On information and belief, at all relevant times, Heller was in fact the Director of the Bethlehem Planning Bureau.

13

105. On information and belief, defendants knew that Lezoche could not sign the Decision in a matter which he was involved.

106. Accordingly, defendants falsely described Heller as the Zoning Officer.

107. In addition, Lisa A. Pereira, Esquire ("Pereira") signed the Decision as "Special Solicitor" and transmitted the Decision to Smith on behalf of the City of Bethlehem.

108. Heller is copied on Pereira's letter to Smith and, again, falsely identified as "Zoning Officer." A copy of Pereira's letter to Smith is attached hereto as Exhibit B.

109. The two primary alleged reasons for the denial of Smith's application for a special exception were that: (1) "the long hours of operation for the proposed use are not suitable for the property as it is located in a primarily residential neighborhood"; and (2) "the proposed use is not suitable in terms of the effects on street, traffic, and safety." (Board Decision at 8-9).

110. On information and belief, the real reason for the denial of Smith's application for a special exception was that Lezoche did not want a coffee shop/café on the same street as his property and unlawfully conspired with the other defendants to insure that that did not happen.

### Count I
### Justin Smith v. All Defendants
### Violation of The Civil Rights Act,
### 42 U.S.C. § 1983

111. Paragraphs 1-110 above are incorporated by reference herein as though fully set forth at length.

112. Smith has a property interest in his Property.

113.    Smith also has a property interest in conducting a business on the Property.

114.    The denial of Smith's application for a zoning permit by a Zoning Officer who had a disclosed interest in the outcome of the application palpably violated Smith's rights to procedural due process and equal protection.

115.    In addition, as more fully set forth above, on information and belief, Lezoche and the other defendants have used their governmental offices to further an illegal conspiracy to destroy Smith's constitutional right to utilize his Property and to conduct a business there.

116.    Lezoche and the other defendants intentionally reached the wrong decision knowing that it was wrong, acted from corrupt motives and/or engaged in conduct which would demonstrate willful misconduct.

117.    In addition, defendants showed a desire to bring about a certain result and/or an awareness that it is substantially certain to happen.

118.    Smith's injuries were also caused by an official policy or custom of the City of Bethlehem, including, but not limited to, allowing Lezoche, its Zoning Officer, to engage in transactions constituting a conflict of interest, to render decisions on zoning applications in which he had a conflict of interest, to utilize his office to threaten or intimidate citizens of the City of Bethlehem who disagreed with his views, to publicly lobby citizens of the City of Bethlehem to oppose a zoning appeal in which he had rendered an initial decision and such other unlawful conduct as may be revealed during discovery.

119.    Defendants' acts and/or omissions, exercised under color of law and under color of their authority as a part of a branch of government of the Commonwealth of Pennsylvania, have deprived, and continue to deprive, Smith of the privileges and immunities guaranteed to him as a citizen of the United States of America in violation of Article IV, § 2 and Amendment XIV, § 1 of the Constitution of the United States.

120.    Defendants' acts and/or omissions, exercised under color of law and under color of their authority as a part of a branch of government of the Commonwealth of Pennsylvania, have deprived, and continue to deprive, Smith of his life, liberty and property without due process of the law in violation of Amendment XIV, § 1 of the Constitution of the United States

121.    Defendants' acts and/or omissions, exercised under color of law and under color of their authority as a part of a branch of government of the Commonwealth of Pennsylvania, have deprived, and continue to deprive, Smith of his right to equal protection of the laws in violation of Amendment XIV, § 1 of the Constitution of the United States

122    As a direct and proximate result of defendants' actions and/or omissions, Smith has suffered, and continues to suffer, damages, for which defendants are liable, jointly and severally.

123.    Defendants' actions and/or omissions were willful, malicious, wanton, reckless and outrageous, justifying an award of punitive damages against the non-municipal defendants.

WHEREFORE, plaintiff Justin Smith demands judgment in his favor and against defendants, jointly and severally, for damages in excess of $150,000, plus interest and

16

attorneys' fees, expert witness fees, costs and expenses, and such other and further relief as this Court deems just and proper

### Count II
### Justin Smith v. All Defendants
### Violation of 42 U.S.C. § 1985

124. Paragraphs 1-123 above are incorporated by reference herein as though fully set forth at length

125. As more fully set forth above, defendants conspired to impede and obstruct Smith's zoning application with the intent to deny Smith his right to equal protection of the laws, including his right to due process, for the purpose of preventing Smith from exercising his property rights.

126. As a direct and proximate result of defendants' actions and/or omissions, Smith has suffered, and continues to suffer, damages, for which defendants are liable, jointly and severally

127. Defendants' actions and/or omissions were willful, malicious, wanton, reckless and outrageous, justifying an award of punitive damages against the non-municipal defendants

WHEREFORE, plaintiff Justin Smith demands judgment in his favor and against defendants, jointly and severally, for damages in excess of $150,000, plus interest and attorneys' fees, punitive damages, expert witness fees, costs and expenses, and such other and further relief as this Court deems just and proper.

### Count III
### Justin Smith v. All Defendants
### Violation of 42 U.S.C. § 1986
### Plaintiff Justin Smith v. All Defendants

128. Paragraphs 1-127 above are incorporated by reference herein as though

17

fully set forth at length.

129. As more fully set forth above, on information and belief, defendants knew that any of the wrongs conspired to be done, and mentioned in Section 1985 of Title 42, are about to be committed.

130. Having the power to prevent or aid in preventing the commission of the same, defendants nonetheless neglected or refused to do so.

131. The wrongful acts more fully set forth above were committed

132. As a direct and proximate result of defendants' unlawful conduct, Smith has suffered, and continues to suffer, damages for which defendants are liable, jointly and severally.

133. Defendants' actions and/or omissions were willful, malicious, wanton, reckless and outrageous, justifying an award of punitive damages against the non-municipal defendants.

WHEREFORE, plaintiff Justin Smith demands judgment in his favor and against defendants, jointly and severally, for damages in excess of $150,000, plus interest and attorneys' fees, punitive damages, expert witness fees, costs and expenses, and such other and further relief as this Court deems just and proper.

**Count IV**
**Justin Smith v. All Defendants**
**Civil Conspiracy**

134. Paragraphs 1-133 above are incorporated by reference herein as though fully set forth at length.

135. As more fully set forth above, defendants unlawfully conspired with the intent of depriving Smith of certain rights and inflicting injury on him.

18

136.   As a direct and proximate result of defendants' conspiracy, Smith has suffered, and continues to suffer, damages for which defendants are liable, jointly and severally.

137.   Defendants' actions and/or omissions were willful, malicious, wanton, reckless and outrageous, justifying an award of punitive damages against the non-municipal defendants.

WHEREFORE, plaintiff Justin Smith demands judgment in his favor and against defendants, jointly and severally, for damages in excess of $150,000, plus interest and attorneys' fees, punitive damages, expert witness fees, costs and expenses, and such other and further relief as this Court deems just and proper.

Respectfully submitted,

BROWN & SCHINDLER, LLP

By: _____

Thomas K. Schindler, Esquire
Attorney I.D. No. 52279
16 West Market Street
West Chester, PA 19382
(610) 436-9100

Dated: December 4, 2006

Attorney for Plaintiff
Justin Smith

19

# EXHIBIT "A"

# URGENT RESPONSE NEEDED!

- A zoning request has been filed for the 945 Monocacy Street property (N.W. corner of Monocacy St. and N. Fairview St.)

- The hearing will be held on Wednesday, September 7, 2005 at 7:00 P.M. in Town Hall, 10 E Church St.

- The intended use will be a café/coffee house with proposed hours of operation from 6 A.M. to midnight.

- As homeowners of 930 Monocacy St. we are objecting to the proposed hours of operation for this business, and have retained Attorney Kevin Kelleher to represent us in this appeal.

- If you are interested in discussing how the proposed hours of operation for the café/coffee house may impact the residential quality of the neighborhood and in joining in our appeal, please contact us at (610) 691-2470 for more information ASAP. Please leave a message if we are unavailable.

***Please note that we are not opposed to the proposed business, only the hours of operation.***

Sincerely,
Janet and John Lezoche
Homeowners of 930 Monocacy St.
(currently under renovation for our family)

# EXHIBIT "B"

LAW OFFICES

# BROUGHAL & DEVITO, L.L.P.

38 WEST MARKET STREET

BETHLEHEM, PENNSYLVANIA 18018-5796

JAMES L. BROUGHAL
LEO V. DEVITO, JR.
JOHN S. HARRISON
JAMES F. PRESTON ●
WENDY A. NICOLOSI
LISA A. PEREIRA ●

ALSO MEMBER NEW JERSEY BAR

TELEPHONE
(610) 865-3664

FAX
(610) 865-0969

E-MAIL
broughal-devito@rcn.com

October 17, 2005

Justin Smith
P.O. Box 4427
Bethlehem, PA  18017

Re:    Matter:       **Appeal of Justin Smith**
       Address:      **945 Monocacy Street**
       File No.:     **2005-23**

Dear Mr. Smith:

Enclosed please find the Original Findings of Fact, Conclusions of Law, and Formal Written Decision of the City of Bethlehem

Additionally, this letter constitutes written notification to those individuals who entered their appearance at the Hearing of the above decision of the Zoning Hearing Board under Section 908(10) of the Pennsylvania Municipalities Code. The Zoning Hearing Board denied the change in non-conforming use from a bicycle sales and repair shop to a coffee shop / café.

A copy of this decision will be on file and may be examined for inspection at the Planning and Zoning Office of the City of Bethlehem located at 10 East Church Street, Bethlehem, Pennsylvania. The appeal period expires thirty (30) days from the date of the decision, which is October 17, 2005.

Very truly yours,

Lisa Pereira

Lisa Pereira

cc:    Darlene Heller, Zoning Officer
       Emil Kantra, II, Esq.
       Kevin Kelleher, Esq.

# VERIFICATION

I, Thomas K. Schindler, Esquire, hereby states that the facts set forth in the foregoing are true and correct to the best of my knowledge, information and belief. The undersigned understands that the statements made therein are made subject to the penalties of 18 Pa. C.S. §4904 relating to false and unsworn statements.

12/4/06
Date

Thomas K. Schindler, Esquire

1