IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JUSTIN SMITH                          :          CIVIL ACTION

                                      :

        v.                            :          NO. 06-5290

                                      :

CITY OF BETHLEHEM, ET AL.             :


MEMORANDUM OPINION AND ORDER

GOLDEN, J.                                               MARCH 4, 2009


        Plaintiff Justin Smith brought this action under 42 U.S.C. §§§ 1983, 1985 and

1986, claiming that the Defendants illegally conspired through corrupt motives and intentional

misconduct to deny his request for a zoning exception. Plaintiff has also added a pendent state

claim under Pennsylvania law for civil conspiracy. Named as Defendants are the City of

Bethlehem, the Zoning Hearing Board of the City of Bethlehem, Laurie Gostley-Hackett,

Individually and as a Member of the Zoning Hearing Board, Thomas J. Jones, Individually and as

a Member of the Zoning Hearing Board, Donald R. Sullivan, Individually and as a Member of

the Zoning Hearing Board, Darlene Heller, Individually and as Director of the Bethlehem

Planning Bureau, Tony Hanna, Director of Community and Economic Development for the City

of Bethlehem and John R. Lezoche, Individually and as Zoning Officer for the City of

Bethlehem. By previous Order, the Court dismissed Plaintiff's claims under 42 U.S.C. §§ 1985

and 1986. Presently before the Court is the Defendants' motion for summary judgment on the §

1

1983 and civil conspiracy claims. For the reasons which follow, the motion is granted.

Summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); see also Daldana v. Kmart Corp,, 260 F.3d 228, 231-32 (3d Cir. 2001)(quoting Armbruster v, Unisys Corp., 32 F.3d 768, 777 (3d Cir. 1994)(Internal quotation omitted)). A factual dispute is "material" if it might affect the outcome of the suit under the applicable law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A factual dispute is "genuine" only if there is a sufficient evidentiary basis which would allow a reasonable fact-finder to return a verdict for the non-moving party. Id. at 249. The Court must resolve all doubts as to the existence of a genuine issue of material fact in favor of the non-moving party. Gans v. Mundy, 762 F.2d 338, 341 (3d Cir. 1985).

Once the moving party has shown that there is an absence of evidence to support the claims of the non-moving party, the non-moving party may not simply sit back and rest on the allegations in its complaint. See Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). Instead, they must "go beyond the pleadings and by his own affidavits, or by the depositions, answers to interrogatories, and admissions on file, and designate specific facts showing that there is a genuine issue for trial." Id. (internal quotations omitted). Summary judgment should be granted where a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden at trial." Celotex, 477 U.S. at 322-323.

The Defendants have attached to their motion for summary judgment as Exhibit A

a Statement of Undisputed Facts. Since the Plaintiff has not objected to any of the Defendants'
proposed undisputed facts and has not submitted a counter-statement of undisputed facts, the
Court will adopt the Defendants' Statement of Undisputed Facts. They are as follows:

1. On April 25, 2005, Justin Smith entered into an agreement of sale with Eugene
J. and Carolina Celebuski to purchase the property at 943-45 Monocacy Street, Bethlehem,
Pennsylvania 18018. Complaint at ¶ 33; Answer at ¶ 33.

2. The property is located in the R-M Residential Zoning District under the City of
Bethlehem zoning ordinance. Complaint at ¶ 35; Answer at ¶ 35.

3. The property consisted of several residential units and a space on the first floor
of 945 Monocacy Street. Justin Smith Dep. at 11.

4. The first floor space in 945 Monocacy Street had historically been used for
commercial purposes which were non-conforming uses in the R-M Residential Zoning District.
Complaint at ¶ 37; Answer at ¶ 37.

5. The first floor space at 945 Monocacy Street was used as an upholstery shop
from 1979 to 1995 and as a bicycle repair shop from 1995 to approximately 1999. The Zoning
Hearing Board approved special exceptions for both non-conforming uses. Complaint at ¶¶ 39-
40; Answer at ¶¶ 39-40.

6. Mr Smith intended to open a "coffee shop/café" in the commercial space at 945
Monocacy Street. Justin Smith Dep. at 13-14.

7.    The "coffee shop/café" was not a permitted use in the R-M Residential
Zoning District and represented a different non-conforming use from the previous commercial
uses for the property. Justin Smith Dep. at 20-21.

3

8.    In order to use the property as a coffee shop/café, Mr. Smith had to obtain a special exception from the Zoning Hearing Board following notice and a public hearing. Justin Smith Dep. at 17-18.

9.    Under the Pennsylvania Municipalities Planning Code, the City of Bethlehem Zoning Officer did "not have the power to permit any construction or any use or change of use which does not conform to the zoning ordinance." 53 Pa.Stat.Ann. § 10614. The City of Bethlehem Zoning Officer could not issue a permit for a different non-conforming use. Mr. Smith knew that he had to obtain a special exception from the Zoning Hearing Board in order to open a coffee shop/café on the property. Justin Smith Dep. at 18.

10.    Mr. Smith hired counsel, Emil Kantra, Esq. to represent him in obtaining the special exception. Justin Smith Dep. at 27.

11.    Mr. Kantra prepared a Notice of Appeal to the Zoning Hearing Board requesting the Zoning Hearing Board to grant a special exception to permit Mr. Smith to operate a coffee shop/café on the property. Exhibit E to Motion for Summary Judgement.

12.    By submitting the Notice of Appeal, Mr. Smith requested the Zoning Hearing Board to hold a public hearing and to determine whether he was entitled to a special exception under the City of Bethlehem Zoning Ordinance for the non-conforming use that he was proposing. Justin Smith Dep. at 49.

13.    John Lezoche is the Zoning Officer for the City of Bethlehem. Complaint at¶ 25; Answer at¶ 25.

14.    Mr. Lezoche and his wife, Janet, owned a property at 930 Monocacy Street on the same block as 943-45 Monocacy Street. Complaint at ¶ 27; Answer at ¶ 27.

4

15.  Mr. and Mrs. Lezoche did not live on Monocacy Street. Mr. Lezoche was fixing the property up in anticipation of his daughter and grandchild living at the property. At the time of Mr. Smith's appeal to the Zoning Hearing Board, the property was under renovation and unoccupied. Lezoche Dep. at 16-17.

16.  Mr. Lezoche opposed the use of 945 Monocacy Street property as a coffee shop/café. Lezoche Dep. at 11-12.

17.  Justin Smith complained to Darlene Heller, Director of Planning and Zoning for the City of Bethlehem, about Mr. Lezoche's opposition to his proposed use for the property at 945 Monocacy Street. Mr. Smith was concerned that because Mr. Lezoche was Zoning Officer for the City of Bethlehem, Mr. Smith's application for a special exception might not be fairly reviewed. Heller Dep. at 10-11.

18.  Mr. Lezoche did not act as Zoning Officer in connection with Mr. Smith's attempts to obtain a special exception. Darlene Heller acted as Zoning Officer in connection with Mr. Smith's application because of Mr. Lezoche's personal interest as a property owner and his stated opposition to the special exception. Lezoche Dep. at 15; Heller Dep. at 12-15.

19.  Mr. and Mrs. Lezoche circulated flyers in the neighborhood of 945 Monocacy Street expressing their opposition only to Mr. Smith's proposed hours of operation but not to the use of the property as a coffee shop/café. Lezoche Dep. at 15-17.

20.  Ms. Heller and her immediate superior, Tony Hanna, the Director of Community and Economic Development for the City of Bethlehem, had concerns about Mr. Lezoche's involvement. Heller Dep. at 18-21; Hanna Dep. at 15-16.

21. After consultation with the City Solicitor's office, Ms. Heller and Mr. Hanna

concluded that Mr. Lezoche, as an owner of property on the same block as Mr. Smith's property, had the right to appear at the Zoning Hearing Board hearing as an objector. Heller Dep. at 20-21; Hanna Dep. at 20-21.

22. On September 2, 2005, the Friday before the Zoning Hearing Board hearing, Mr. Lezoche met with Ms. Heller and Mr. Hanna to discuss his appearance at the hearing as an objector. In that meeting, Mr. Lezoche told Ms. Heller and Mr. Hanna that he and his wife did not oppose the proposed use of the property as a coffee shop/café but only the proposed hours of operation. Lezoche Dep. at 43; Heller Dep. at 19-20; Hanna Dep. at 21.

23. Another property owner on Monocacy Street, John Parry, told Mr. Hanna that Mr. Lezoche had told him that un-registered cars owned by Mr. Parry could be towed by the City as abandoned and Mr. Parry expressed some concern that Mr. Lezoche would get his vehicles cited if he did not object to the proposed use at the hearing. Hanna Dep. at 31-33.

24.  Mr. Hanna instructed Mr. Lezoche to have no further contact with Mr. Parry. Hanna Dep. at 33.

25. Mr. Lezoche, contrary to Mr. Hanna's instructions, did have further contact with Mr. Parry. Lezoche Dep. at 50-51; Hanna Dep. at 33.

26. Mr. Parry did not appear at the hearing as an objector. Exhibit I to Defendants' Motion for Summary Judgment.

27. The public hearing before the Zoning Board was held on Wednesday, September 7, 2005. The members of the Zoning Hearing Board who heard Mr. Smith's appeal were Laurie Gostley-Hackett, Thomas Jones, and Donald R. Sullivan. Exhibit I.

28. Darlene Heller served as Zoning Officer at the hearing in place of Mr.

6

Lezoche because of Mr. Lezoche's personal interest in this matter. Heller Dep. at 19-20; 52-53; Exhibit I at 4.

29. The Zoning Hearing Board heard testimony and argument on Mr. Smith's request for a special exception. Exhibit I.

30. Mr. and Mrs. Lezoche were represented at the hearing by counsel, Kevin Kelleher, Esq.  Exhibit I.

31. Mr. Lezoche attended the hearing as an objector but did not personally address the board. Exhibit I.

32. Janet Lezoche testified at the hearing and objected not only to hours of operation but to the proposed use. Exhibit I at 85-95.  In addition, the Lezoches' attorney, Kevin Kelleher, Esq. examined witnesses on issues relating to the proposed use and presented argument in opposition to the proposed use. Exhibit I.

33.  In addition to Mrs. Lezoche, six other objectors who were unrepresented by counsel opposed Mr. Smith's request for a special exception. The objectors raised concerns about hours of operation and the proposed use including traffic, congestion, noise and safety. Exhibit I at 85-105.

34. Mr. Smith was represented by counsel at the hearing who introduced evidence, cross-examined or had the opportunity to cross-examine adverse witnesses and presented argument in support of the special exception. Justin Smith Dep. at 27; Exhibit I.

35. The Zoning Hearing Board did not restrict Mr. Smith's ability to present evidence or argument in support of his request for a special exception. Exhibit I; Justin Smith Dep. at 34; Robert Smith Dep. at 17.

36. Following the hearing, the members of the Zoning Hearing Board retired in executive session to consider Mr. Smith's application. After deliberation, the Zoning Hearing Board denied Mr. Smith's request for a special exception. Exhibit I at 115-117.

37. There is no evidence that Mr. Lezoche, Ms. Heller or Mr. Hanna communicated *ex parte* with any of the members of the Zoning Hearing Board about the issues raised by Mr. Smith's appeal before, during or after the hearing. Justin Smith Dep. at 35; Robert Smith Dep. at 17; Lezoche Dep. at 32; HellerDep. at 37-38; Hanna Dep. at 24.

38. There is no evidence that Mr. Lezoche influenced or attempted to influence the members of the Zoning Hearing Board other than by appearing at the hearing as an objector and retaining counsel to represent him at the hearing. Heller Dep. at 37-38; Lezoche Dep. at 32.

39. Following the hearing, Ms. Heller and Mr. Hanna reprimanded Mr. Lezoche in writing for insubordination relating to his objection to the proposed use at the hearing based upon their belief that Mr. Lezoche was untruthful when he told them on September 2 that he would only oppose hours of operation. Heller Dep. at 44-45; Hanna Dep. at 30. In addition, Mr. Lezoche was reprimanded for contacting Mr. Parry after Mr. Hanna directed him not to do so. Hanna Dep. at 33.

40. On October 17, 2005, the Zoning Hearing Board issued its findings of fact, conclusions of law, and formal written decision denying Mr. Smith's request for a special exception to convert an existing structure into a coffee shop/café. The denial was based upon two factors: (1) "[T]he long hours of operation for the proposed usage is not suitable for the property as it is located in a primarily residential neighborhood" and (2) "[T]he proposed use is not suitable in terms of the effects on street traffic and safety." Exhibit K to Defendants' Motion for

Summary Judgment..

41. Under the Pennsylvania Municipalities Planning Code, Mr. Smith had the right to appeal the Zoning Hearing Board's decision to the Court of Common Pleas of Northampton County as an aggrieved party. 53 Pa.Stat.Ann. § 11001-A *et seq.*

42. Under the Municipalities Planning Code, the Court of Common Pleas had the authority to further review the Board's decision or to take new evidence and enter its own findings of fact after trial *de novo*. 53 Pa.Stat.Ann. § 11005-A.

43. Mr. Smith did not appeal the Zoning Board's decision to the Court of Common Pleas of Northampton County. Exhibit L to Defendants' Motion for Summary Judgment.

Plaintiff's first claim is brought under 42 U.S.C. § 1983 and alleges that the Defendants, in their individual and official capacities, deprived Plaintiff of substantive due process, procedural due process and equal protection of the laws.

The Plaintiff agrees with Defendants that his substantive due process claim is governed by the decision from our Court of Appeals in United Artists Theatre Circuit, Inc. v. Township of Warrington, 316 F.3d 392 (3d Cir. 2003). In United Artists, the Third Circuit held that whether a zoning official's actions or inactions violate due process is determined by utilizing a "shocks the conscience" test. Id. at 399-402. While application of this test "varies depending on the factual context." Id. at 400, the Third Circuit has stated that what "shocks the conscience" is "'only the most egregious official conduct.'" Id. (quoting County of Sacramento v. Lewis, 523 U.S. 833, 847 (1998). There must be evidence of "corruption or self-dealing" or that officials "tried to hamper development in order to interfere with otherwise constitutionally protected

activity at the project site" or had some "bias against an ethnic group" or performed a "virtual taking." Eichenlaub v. Township of Indiana, 385 F.3d 274, 286 (3d Cir. 2004).

        In the case sub judice,  there is simply no evidence that any of the Defendants acted in a way which is "conscience shocking". The record reveals that the Zoning Hearing Board issued its findings of fact, conclusions of law, and formal written decision denying Mr. Smith's request for a special exception to convert an existing structure into a coffee shop/café after a full hearing at which Mr. Smith was represented by counsel and was given every opportunity to present evidence and argument in support of his request for a special exception. The denial was based upon two factors: (1) "[T]he long hours of operation for the proposed usage is not suitable for the property as it is located in a primarily residential neighborhood" and (2) "[T]he proposed use is not suitable in terms of the effects on street traffic and safety." Exhibit K to Defendants' Motion for Summary Judgment.

        There is no evidence that Mr. Lezoche, Ms. Heller or Mr. Hanna communicated ex parte with any of the members of the Zoning Hearing Board about the issues raised by Mr. Smith's appeal before, during or after the hearing. Justin Smith Dep. at 35; Robert Smith Dep. at 17; Lezoche Dep. at 32; Heller Dep. at 37-38; Hanna Dep. at 24.  Nor is there is any evidence that Mr. Lezoche used his position as Zoning Officer to influence or attempt to influence the members of the Zoning Hearing Board other than by appearing at the hearing as an objector and retaining counsel to represent him at the hearing. Heller Dep. at 37-38; Lezoche Dep. at 32. While Mr. Lezoche may have communicated with Mr. Parry on two occasions prior to the hearing, Mr. Parry did not even appear, let alone object,  at the hearing. Although Mr. Lezoche's wife did object to the use of the property as a coffee shop at the hearing, six other individuals

also raised objections. These objections concerned the hours of operation and the proposed use

including traffic, congestion, noise and safety. Exhibit I at 85-105. There is no evidence that the

Zoning Hearing  Board did anything more than credit the objections of the six individuals over

the testimony of Mr. Smith. And there is simply no evidence that Mr. Lezoche's comments to

Mr. Parry were known by any of these six objectors and caused them to object to the use of the

property.  Nor is there any evidence that Mr. Lezoche's  mere presence at the hearing or

statements to Mr. Parry influenced any member of the Zoning Hearing Board.

   In short, Plaintiff has not gone "beyond the pleadings" to show a genuine issue for

trial on Plaintiff's substantive due process claim. Other than speculation, Plaintiff has not pointed

to any evidence  in the record that any of the Defendants engaged in  any type of corruption or

self-dealing or that they hampered development in order to interfere with an otherwise

constitutionally protected activity at the site or that they with bias against a particular ethnic

group. As stated by the Third Circuit in United Artists, "every appeal by a disappointed

developer from an adverse ruling of the local planning board involves some claim of abuse of

legal authority, but it is not enough to give these state law claims constitutional labels such as

`due process' or `equal protection' in order to raise a substantial federal question under section

1983. United Artists, 316 F.3d at 402 (quoting Creative Env'ts. Inc. v. Estabrook, 680 F.2d

822,833 (1st Cir. 1982).

   Mr. Smith also claims he was denied procedural due process.  A state provides

adequate procedural due process when it affords a "full judicial mechanism" under which to

challenge administrative decisions. Rogin v. Bensalem Township,616 F.2d 680 (3d Cir. 1980).

The undisputed record indicates that Mr. Smith received a full and fair hearing before the Zoning

Hearing Board. Under the Pennsylvania Municipalities Planning Code, the Zoning Hearing Board must follow the following procedures: (1) Notice must be given to the public, the Zoning Officer, and the person challenging the ordnance or action; (2) the Board or hearing officer must conduct the hearings and, unless the parties waive the right, the Board itself must make findings and render the decision on the merits; (3) the Board has the power to administer oaths, and to compel the appearance of witnesses and the production of documents requested by the parties; (4) each party has the right to be represented by counsel; (5) each party has the right to present evidence and argument and to cross-examine adverse witnesses; (6) the Board is required to maintain a record of the proceedings; (7) Ex parte communications between the Board or the hearing officer and any party is prohibited; (8) the Board is required to publish its findings and conclusions within forty-five days of the last hearing. 53 Pa.Stat.Ann. § 10908.

      If the landowner is dissatisfied with the Board's decision, he has the right to appeal to the Court of Common Pleas of the County in which the property is located. 53 Pa.Sta.Ann. §§ 11001-A et seq. The appeal may take the form of a direct judicial review of the Board's decision or the court may take new evidence and enter its own findings of fact after trial de novo. 53 Pa.Sta.Ann. § 11005-A. The Common Pleas Court is authorized "to declare any ordinance or map invalid and to set aside or modify" any action, decision, or order of the Township, Zoning Officer or Zoning Hearing Board. 53 Pa.Stat.Ann. § 11006-A.

      The record reveals that the Zoning Hearing Board followed all of the procedures required by the Pennsylvania Municipalities Code for obtaining a special exception. See Undisputed Facts ## 9, 12, 34, 35, 36 and 40. In addition, Mr. Smith chose not to give the state courts an opportunity to correct any alleged procedural or substantive deficiencies, including any

alleged corruption,  in the Zoning Board's handling of the matter when he failed to appeal the

Zoning Board's decision to the Northampton Court of Common Pleas, the County in which the

property was located.  Having failed to do so, he has waived his right to challenge the Zoning

Board's decision on the grounds of denial of procedural due process. See Aardvark Childcare and

Learning Center, Inc. v. Township of Concord, 401 F.Supp. 2d 427, 446 (E.D.Pa. 2005).

   Mr. Smith next claims that he was denied the equal protection of laws because he

was treated differently by the Defendants than other similarly situated property owners. The

Supreme Court has held that a "`class of one'" can attack intentionally different treatment if it is

"`irrational and wholly arbitrary.'" Village of Willowbrook v. Olech, 528 U.S. 562, 564-565

(2000) (internal citations omitted) (per curiam). "Class of one" equal protection claims require

that "the individual plaintiff allege intentional and disparate treatment compared to others

similarly situated and that there is no rational basis for the difference in treatment." Id. Here,

however, Mr. Smith has completely failed to identify any other similarly situated property owners

who were treated differently. He has also failed to allege that any differences in treatment stem

from racial or other invidious forms of discrimination, or from an effort to burden fundamental

rights. As a result, Defendants are entitled to summary judgment on Plaintiff's equal protection

claim as well. [1]

---

[1] In support of their motion for summary judgment on the § 1983 claim, the individual Defendants also argue that they are entitled to qualified immunity in their individual capacities because their conduct fell within the scope of their quasi-judicial duties. Because the court has held that the facts, even in the light most favorable to Mr. Smith, do not constitute a violation of substantive due process procedural due process or equal protection of the laws, the court need not address whether the individual Defendants are entitled to qualified immunity.  See Saucier v. Katz, 533 U.S. 194, 201 (2001)(holding that the first step in analyzing a claim of qualified immunity is to determine whether the alleged right is constitutionally recognized).

Mr. Smith also contends the Defendants' actions constituted a civil conspiracy. Under Pennsylvania law, in order to recover for a civil conspiracy, a plaintiff must prove: (1) a combination of two or more persons acting with a common purpose to do an unlawful act or to do a lawful act by unlawful means for an unlawful purpose; (2) an overt act done in pursuance of the common purpose; and (3) actual legal damage. McKeeman v. Corestates Bank, N.A., 751 A.2d 655, 660 (Pa. Super. 2000).

Because the Court has already found that none of the Defendants' actions constituted a violation of due process or equal protection, the civil conspiracy claim must fail since Plaintiff cannot prove Defendants committed an unlawful act or committed a lawful act for an unlawful purpose.

Likewise, the City of Bethlehem and its Zoning Hearing Board cannot be held liable under 42 U.S.C. § 1983 because there was no deprivation of a constitutional right and because there is no evidence of a custom or policy by the City of Bethlehem which was the cause of the alleged violations. See Monell v. Department of Social Services, 436 U.S. 658, 690-91 (1978).

An appropriate Order follows.

14

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JUSTIN SMITH                              :          CIVIL ACTION

                                          :
        v.                                           NO. 06-5290
                                          :

CITY OF BETHLEHEM, ET AL.                 :


ORDER

      AND NOW, this 4th day of March, 2009, it is hereby ORDERED that the

Defendants' Motion for Summary Judgment [Doc. #33] is GRANTED.

      Judgment is ENTERED in favor of the Defendants and against the Plaintiff.


BY THE COURT:


*/s/ THOMAS M. GOLDEN*
THOMAS M. GOLDEN, J.


15