IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JUSTIN SMITH | : | CIVIL ACTION |
| | : | |
| v. | : | No.: 06-5290 |
| | : | |
| CITY OF BETHLEHEM, et al. | : | |

**MEMORANDUM**

**Juan R. Sánchez, J.**                                                                                              September 30, 2010

The City of Bethlehem, the prevailing defendant in this action, moves for an award of attorneys' fees and costs pursuant to 42 U.S.C. § 1988. Because this Court cannot conclude Plaintiff Justin Smith's claims were "frivolous, unreasonable, or without foundation," as required to justify an award of attorneys' fees for a prevailing defendant under § 1988, the motion will be denied.

**FACTS**

This case arises out of the City of Bethlehem's denial of Smith's request for a zoning exception to permit him to operate a coffee shop/café at a property he owns in Bethlehem, Pennsylvania.[1] On December 4, 2006, Smith filed a Complaint against the City of Bethlehem; the Zoning Hearing Board of the City of Bethlehem; the members of the Zoning Hearing Board; Darlene Heller, the Director of the Bethlehem Planning Bureau; Tony Hanna, the Director of Community and Economic Development for the City of Bethlehem; and John Lezoche, the City's Zoning Officer. The Complaint alleged Lezoche, who owned property on the same street as Smith's property,

---

[1] The property, which is located in the "R-M Residential District" under the Bethlehem zoning ordinance, consists of several residential units and a first-floor space which historically has been used for commercial purposes. Such commercial uses are non-conforming uses in the R-M Residential District, and a special exception is thus required.

opposed Smith's plan to open a coffee shop and unlawfully conspired with the other Defendants to ensure Smith's application was denied.[2] Smith asserted claims against all Defendants pursuant to 42 U.S.C. §§ 1983, 1985, and 1986, and asserted a claim for civil conspiracy under Pennsylvania law. In support of his § 1983 claim, Smith alleged the denial of his application for a zoning permit violated his rights to substantive and procedural due process and equal protection. In support of his § 1985 claim, Smith alleged the Defendants "conspired to impede and obstruct [his] zoning application with the intent to deny [him] his right to equal protection of the laws, including his right to due process, for the purpose of preventing [him] from exercising his property rights." Compl. ¶ 125. Smith's § 1986 claim alleged Defendants failed to prevent the denial of his zoning application despite knowing such denial was improper and possessing the power to prevent or aid in preventing the denial. Finally, Smith asserted a claim for civil conspiracy under Pennsylvania law alleging Defendants unlawfully conspired with the intent to deprive him of his rights and inflict injury upon him.

---

[2] According to the Complaint, Lezoche denied Smith's application for a zoning exception, notwithstanding his conflict of interest. Lezoche thereafter threatened to fine John Parry, a neighbor who told Lezoche he did not oppose Smith's proposed use. He also hired a lawyer to represent himself and his wife in connection with Smith's appeal to the Zoning Hearing Board and recruited other neighbors to join them in opposing Smith's appeal. Although Hanna instructed Lezoche not to "participate in anything with respect to [Smith's] [p]roperty except hours of operation," Compl. ¶ 74, Lezoche's lawyer questioned Smith about matters unrelated to the hours of operation of his proposed business at the Zoning Board hearing. At the conclusion of the hearing, the Zoning Hearing Board announced it was denying Smith's appeal without explanation. On October 17, 2005, the Zoning Hearing Board issued a formal written decision purporting to deny Smith's application because (1) "'the long hours of operation for the proposed use are not suitable for the property as it is located in a primarily residential neighborhood,'" and (2) "'the proposed use is not suitable in terms of the effects on street, traffic, and safety.'" *Id.* ¶ 109 (quoting Board Decision at 8-9). Smith alleges these reasons were pretextual and the denial of his application was really the result of an unlawful conspiracy among Lezoche, who did not want a coffee shop on the same street as his property, and the other Defendants.

On March 27, 2007, Defendants filed a partial motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), seeking dismissal of Smith's claims against the members of the Zoning Hearing Board in their individual capacities on the basis of judicial immunity, and seeking dismissal of Smith's § 1985, § 1986, and civil conspiracy claims in their entirety. Defendants argued the § 1985 claim should be dismissed based on the absence of any allegation of a racial or class-based motivation for the alleged conspiracy to deny Smith's zoning application and the § 1986 claim should be dismissed because it depended on the existence of a valid § 1985 claim.[3] Smith opposed the motion.

On May 9, 2007, the Court issued an Order denying the partial motion to dismiss without prejudice and granting Smith 20 days to file an amended complaint addressing the "alleged deficiencies" identified by Defendants. Smith did not file an amended complaint. Defendants then renewed their partial motion to dismiss on the same grounds previously asserted, and Smith again opposed the motion, noting he had reviewed the Complaint and concluded it was not deficient. By Order of January 11, 2008, the Court granted the motion as to Smith's § 1985 and § 1986 claims because the Complaint did not allege a conspiracy motivated by racial or other class-based animus. The Court denied the balance of the motion, finding additional discovery was necessary on the claims against the Zoning Hearing Board members in their individual capacities and finding the Complaint stated a claim for civil conspiracy.

On August 13, 2008, after discovery had concluded, Defendants filed a motion for summary judgment on Smith's § 1983 and civil conspiracy claims, which Smith opposed. On March 9, 2009,

---

[3] Although it was unclear whether Smith was pursuing a claim under § 1985(3) or under the second part of § 1985(2), Defendants argued both provisions require a conspiracy motivated by racial or other class-based discriminatory animus.

the Court granted the motion. The Court concluded there was no evidence of "conscience shocking" conduct on the part of Defendants, as required for a substantive due process claim.[4] Regarding Smith's procedural due process claim, the Court concluded the undisputed evidence reflected Smith had received a full and fair hearing before the Zoning Hearing Board and held Smith had waived his right to challenge the Board's decision on procedural due process grounds by failing to appeal the Board's decision to the Court of Common Pleas for Northampton County. The Court also concluded summary judgment was appropriate on Smith's equal protection claim because Smith failed to identify other similarly situated property owners who were treated differently, as required for the "class of one" equal protection claim Smith alleged. Finally, the Court granted summary judgment as to Smith's civil conspiracy claim, finding because Defendants' actions did not constitute a violation of due process or equal protection, Smith could not prove Defendants committed an unlawful act or committed a lawful act for an unlawful purpose.

Following entry of judgment in Defendants' favor, the City of Bethlehem filed a motion for attorneys' fees and costs pursuant to 42 U.S.C. § 1988.[5] Smith thereafter filed a notice of appeal. On April 7, 2009, the Court denied Bethlehem's motion for attorneys' fees with leave to renew after resolution of Smith's appeal. On November 23, 2009, the Third Circuit dismissed the appeal at

---

[4] Specifically, the Court noted there was no evidence Lezoche, Heller, or Hanna communicated ex parte with the Zoning Hearing Board members regarding Smith's appeal; Lezoche used his position as Zoning Officer to influence the Board members (other than by appearing at the hearing as an objector); the objectors at the hearing on Smith's appeal knew of, or were influenced by, Lezoche's comments to Parry; or the Board members were influenced by Lezoche's presence at the hearing.

[5] Although the caption of the motion references only the City of Bethlehem, the motion was filed by counsel for all Defendants.

Smith's request pursuant to Federal Rule of Appellate Procedure 42(b).[6] Bethlehem filed a renewed motion for attorneys' fees the following day, which Smith opposed.

On August 5, 2010, this case was reassigned to this Court's docket.

**DISCUSSION**

Section 1988 allows a court to award attorneys' fees to the "prevailing party" in an action pursuant to 42 U.S.C. §§ 1983, 1985, or 1986. 42 U.S.C. § 1988(b). While the statute permits the award of attorneys' fees to both prevailing plaintiffs and defendants, "the standard for awarding attorney's fees to prevailing defendants is more stringent than that for awarding fees to prevailing plaintiffs." *Barnes Found. v. Twp. of Lower Merion*, 242 F.3d 151, 157-58 (3d Cir. 2001); *see also EEOC v. L.B. Foster Co.*, 123 F.3d 746, 751 (3d Cir. 1997) (noting attorneys' fees for a prevailing defendant "'are not routine, but are to be only sparingly awarded'" (quoting *Quiroga v. Hasbro, Inc.*, 934 F.2d 497, 503 (3d Cir. 1991))). In contrast to prevailing plaintiffs, who are generally entitled to attorneys' fees absent special circumstances, a prevailing defendant may recover such fees only if the court finds the plaintiff's claim "was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so." *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 416-17, 421-22 (1978) (interpreting the attorneys' fee provision of Title VII); *see also Barnes Found.*, 242 F.3d at 158 & n.6 (noting the *Christiansburg* standard for awarding attorneys' fees to a prevailing defendant applies to claims for attorneys' fees pursuant to § 1988). A court need not find the plaintiff brought the action in bad faith to award attorneys' fees to the prevailing defendant, but the court must "resist the understandable temptation to engage in *post hoc* reasoning

---

[6] Rule 42(b) permits dismissal of an appeal "on the appellant's motion on terms agreed to by the parties or fixed by the court." Fed. R. App. P. 42(b).

by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." *Christiansburg*, 434 U.S. at 421-22.

The Third Circuit has identified a number of factors relevant to a court's determination whether an award of attorneys' fees to a prevailing defendant is appropriate, including: (1) whether the plaintiff established a prima facie case; (2) whether the defendant offered to settle; (3) whether the case was dismissed prior to trial; (4) whether the case involved an issue of first impression requiring judicial resolution; (5) whether the controversy was based on a real threat of injury to the plaintiff; and (6) whether the trial court found the suit frivolous. *Barnes Found.*, 242 F.3d at 158; *see also L.B. Foster Co.*, 123 F.3d at 751. "These considerations, however, are merely guidelines, not strict rules . . . ." *Barnes Found.*, 242 F.3d at 158. The ultimate question is "whether the case is so lacking in arguable merit as to be groundless or without foundation rather than whether the claim was ultimately successful." *Sullivan v. Sch. Bd. of Pinellas Cnty.*, 773 F.2d 1182, 1189 (11th Cir. 1985) (internal quotation marks and citation omitted).

Bethlehem argues attorneys' fees are warranted for Smith's § 1985 and § 1986 claims because Smith failed to allege any facts to suggest a racial or class-based motivation for the alleged conspiracy to deny his application for a special exception, even after Defendants identified this deficiency and the Court granted Smith leave to amend his Complaint to correct it. Bethlehem argues attorneys' fees are also warranted for Smith's § 1983 claims based on the lack of evidentiary support for those claims at the summary judgment stage. Smith does not address his § 1985 and § 1986 claims, but argues attorneys' fees for his § 1983 claims are not warranted because he had a reasonable basis to bring those claims based on Lezoche's conduct.

As the Court concluded when partially granting Defendants' motion to dismiss, to state a

claim under the second part of § 1985(2), a complaint must allege a class-based discriminatory animus.[7] *Brawer v. Horowitz*, 535 F.2d 830, 840 (3d Cir. 1976). To state a claim under § 1986, a complaint must allege a violation of § 1985. *See id.* at 841 (upholding the dismissal of plaintiffs' § 1986 claims based on plaintiffs' failure to state a claim under § 1985(2)). Because Smith's Complaint failed to allege the required animus on the part of Defendants, and because Smith declined to amend his Complaint to correct this deficiency when given the opportunity to do so, the Court dismissed Smith's § 1985(2) and § 1986 claims.

In some circumstances, a plaintiff's failure to allege a necessary element of his claim may support a finding the claim is groundless and thus an award of attorneys' fees for the prevailing defendant. *See Beam v. Downey*, 151 F. App'x 142, 144 & n.2 (3d Cir. 2005) (upholding the award of attorneys' fees against a plaintiff whose deficient complaint included the failure to allege state action in her § 1983 claim). Here, however, in opposing Defendants' motions to dismiss his § 1985 and § 1986 claims, Smith relied on *Chantilly Farms, Inc. v. West Pikeland Township*, No. 00-3903, 2001 WL 290645, at *11 (E.D. Pa. Mar. 23, 2001), in which the district court denied a motion to dismiss a claim pursuant to the second part of § 1985(2) notwithstanding the plaintiff's failure to allege a racial or other class-based animus on the part of the defendants.[8] Although the Court in this

---

[7] Although Smith did not specify whether his § 1985(2) claim was pursuant the first or the second part of that provision, because the claim related to zoning proceedings at the state level and alleged the Defendants intended to deny him his right to equal protection, it is clear Smith's claim was made pursuant to the second part of § 1985(2).

[8] Like Smith, the plaintiffs in *Chantilly Farms* asserted a civil rights conspiracy claim pursuant to § 1985 against a local governmental entity and representatives thereof arising out of the defendants' denial of the plaintiffs' zoning application. The court dismissed the claim, to the extent it alleged a violation of § 1985(3), based on the plaintiffs' failure to plead "motivation by a racial or otherwise class-based invidiously discriminatory animus." 2001 WL 290645, at *11. To the extent the claim alleged a violation of § 1985(2), however, the court held the plaintiffs'

7

case correctly dismissed Smith's § 1985 and § 1986 claims for failure to allege such animus, given Smith's reliance on the decision in *Chantilly Farms*, which was not reviewed by the Third Circuit, this Court cannot conclude those claims were "frivolous, unreasonable, or without foundation."

Similarly, this Court does not find Smith's § 1983 claims were frivolous. While several of the relevant factors support such a finding—including Smith's failure to establish a prima facie case for any of his § 1983 claims, the dismissal of those claims prior to trial, and the absence of issues of first impression—these factors are "guideposts, not hard and fast rules." *L.B. Foster Co.*, 123 F.3d at 751. Failure to satisfy these factors does not compel the conclusion the claim was frivolous. *See Weisberg v. Riverside Twp. Bd. of Educ.*, 272 F. App'x 170, 173 (3d Cir. 2008) (affirming the denial of a prevailing defendant's motion for attorneys' fees notwithstanding the plaintiff's failure to establish a prima facie case of disability discrimination and the court's dismissal of plaintiff's claims on summary judgment based on well-settled law).

Although the Court granted summary judgment on Smith's substantive due process claim based on the absence of conscience-shocking behavior on the part of Defendants, there was no dispute Lezoche personally opposed Smith's proposed use of his property as a coffee shop/café, circulated flyers to other neighbors expressing his opposition, hired a lawyer to represent his interests at the public hearing on Smith's zoning application, and met with Heller and Hanna about his

---

allegations were sufficient to withstand a motion to dismiss. *Id.* Although the court did not specify the part of § 1985(2) under which the plaintiffs were proceeding, their claim alleged defendants had conspired to impede and obstruct a local governmental zoning proceeding with the intent to deny plaintiffs their right to equal protection of the laws, including the right to due process. *Id.* It is therefore clear the plaintiffs' claim, like Smith's claim, was pursuant to § 1985(2). The court's conclusion that no racial or class-based discriminatory animus was required was thus in conflict with *Brawer*, in which the Third Circuit held a complaint must allege a class-based invidiously discriminatory animus to state a claim under the second part of § 1985(2). 535 F.2d at 840.

appearance at the hearing as an objector. Mem. Op. of Mar. 4, 2009, 5-7. It was also undisputed Lezoche attended the hearing as an objector, and although he did not personally address the Zoning Hearing Board, his wife testified and objected not only to the hours of operation of the proposed use—which Lezoche had told Hanna and Heller was his and his wife's sole objection—but also to the use itself. *Id.* at 6-7. Finally, there was no dispute Parry expressed to Hanna his concern Lezoche would cause his vehicles to be cited if he did not object to Smith's proposed use. *Id.* at 6. Although Hanna thereafter instructed Lezoche to have no further contact with Parry, Lezoche did have such contact. *Id.* Lezoche was reprimanded by Hanna and Heller for doing so, as well as for his insubordination relating to his failure to disclose the full extent of his opposition to Smith's zoning application. *Id.* at 8.

While the Court ultimately concluded Smith failed to produce evidence to suggest Lezoche wrongfully used his position as Zoning Officer to influence the members of the Zoning Hearing Board or improperly influenced any of the individuals who appeared at the hearing to object to Smith's proposed use, there was some evidence of misconduct by Lezoche in connection with Smith's zoning application. In these circumstances, this Court cannot conclude Smith's substantive due process claim was frivolous. *See Dotzel v. Ashbridge*, No. 03-1418, 2007 WL 4414712, at *2 (M.D. Pa. Dec. 14, 2007) (concluding plaintiffs' substantive due process claims contesting a township's zoning decisions were not frivolous as a matter of law notwithstanding plaintiffs' failure to produce evidence of conscience-shocking behavior by defendants where plaintiffs "did produce evidence which they reasonably argued demonstrated conscience-shocking behavior" and where the "shocks the conscience" standard applicable to plaintiffs' claims was "admittedly imprecise").

The Court granted summary judgment for Defendants on Smith's procedural due process and

equal protection claims based in part on the lack of evidence the Zoning Hearing Board's procedures were constitutionally deficient or that similarly situated property owners' zoning applications were treated differently than Smith's application. Although Smith was ultimately unable to prove these claims, given the evidence regarding Lezoche's misconduct, this Court cannot conclude the claims were from the outset "so lacking in arguable merit as to be groundless or without foundation." *Sullivan*, 773 F.3d at 1189 (internal quotation marks and citation omitted).[9] Accordingly, this Court will deny Defendants' Renewed Motion for Attorneys' Fees and Costs Under 42 U.S.C. § 1988.

An appropriate order follows.

BY THE COURT:

   /s/ Juan R. Sánchez
Juan R. Sánchez, J.
United States District Judge

---

[9] Because the Court concludes Smith's federal claims were not frivolous, the Court need not address Defendants' argument Smith's civil conspiracy claim was frivolous.